IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

   Plaintiff,

v.

DAIMLER CHRYSLER CORPORATION

   Defendants.

Civil Action No.: 03-7513

Honorable

**COMPLAINT
AND JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to make whole Jill Snook ("Snook").

The Equal Employment Opportunity Commission alleges that Defendants, Daimler Chrysler Corporation ("Daimler Chrysler") violated the Americans with Disabilities Act by failing to reasonably accommodate Snook, a qualified individual with a disability, as a Housekeeper at its Auburn Hills, Michigan Technical Center, because of her disability and by subjecting her to different terms and conditions of employment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

1

Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. Section 1981(a).

2. The employment practices hereafter alleged to be unlawful were committed in the Eastern District of Michigan, Southern Division.

### PARTIES

3. The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Daimler Chrysler was doing business in the State of Michigan and the City of Auburn Hills, and have continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Daimler Chrysler was continuously engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Daimler Chrysler was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

2

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Snook filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Daimler Chrysler. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Beginning in May 1996, Defendant Daimler Chrysler engaged in unlawful employment practices in violation of the ADA Sections 102(a), 102(b)(5)(A) and 102(b)(5)(B), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A) and 12112(b)(5)(B), at its Auburn Hills, Michigan Technical Center. Defendant's practices include, but are not limited to, failing to reasonably accommodate Snook's by failing to provide her with sign language interpreters or a teletypewriter ("TTY"), TDD or alpha pager, which were necessary because of her disability, and engaging in discriminatory conduct because of her disability.

9. Beginning in November 1998, Defendant Daimler Chrysler engaged in unlawful employment practices in violation of the ADA Sections 102(a), 102(b)(5)(A) and 102(b)(5)(B), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A) and 12112(b)(5)(B), at its Auburn Hills, Michigan Technical Center. Defendant's practices include, but are not limited to, failing to reasonably accommodate Snook by failing to provide her with a modified shift start time, which was necessary because of her disability, and engaging in discriminatory conduct toward her because of her disability.

10. Beginning in May 1999, Defendant Daimler Chrysler engaged in unlawful employment practices in violation of the ADA Sections 102(a), 102(b)(5)(A) and 102(b)(5)(B), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A) and 12112(b)(5)(B), at its Auburn Hills, Michigan Technical Center. Defendant's practices include, but are not limited to, failing to reasonably

3

accommodate Snook by failing to provide her an interpreter, which was necessary for her disability, following an altercation with a co-worker, which subsequently lead to her discharge, and engaging in discriminatory conduct toward her because of her disability.

11. Snook is a qualified individual with a disability who was able to perform the essential functions of her position with or without a reasonable accommodation.

12. The effect of the above-mentioned, unlawful employment practices has been to deprive Snook of equal employment opportunities because of her disability.

13. The above-mentioned unlawful, employment practices were intentional.

14. The effect of the above mentioned, unlawful employment practices have been to cause Snook to suffer a loss of enjoyment of life.

15. The unlawful employment practices complained of above were committed with malice and a reckless indifference to Snook's federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Daimler Chrysler its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any unlawful employment practice which discriminates on the basis of disability;

B. ORDER Defendant Daimler Chrysler to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. ORDER Defendant Daimler Chrysler to provide training to their employees and

4

members regarding disability discrimination and the ADA's requirement to provide a reasonable accommodation to disabled employees;

D.  ORDER Defendant Daimler Chrysler to make whole Snook by providing her with appropriate lost earnings, benefits and reimbursement for her out of pocket losses, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E.  ORDER Defendant Daimler Chrysler to make whole Snook by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 through 11 above, in amounts to be proven at trial.

F.  ORDER Defendant Daimler Chrysler to pay Snook punitive damages for the malicious or reckless conduct described in paragraphs 8 through 11 above, in amounts to be proven at trial.

G.  GRANT the Commission its costs in this action; and

H.  GRANT such further relief as the Court deems necessary and proper.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

12/23/03

*[signature]*

5

Date

ADELE RAPPORT (P44833)
Regional Attorney

ROBERT DAWKINS (P38289)
Supervisory Trial Attorney

TAMMY KLEIN (P60256)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-5673